**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHAMERA SHORT-IRONS,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **CATHAM ACRES HEALTHCARE GROUP, INC.,** ***d/b/a*** **TWIN PINES HEALTH CARE CENTER** *Defendant.* | : | **No. 18-5136** |

# MEMORANDUM

PRATTER, J. AUGUST 16, 2019

Shamera Short-Irons alleges that, while employed by Catham Acres Healthcare Group, she would often work through her 30-minute unpaid meal break. She claims that when she reported to her supervisor that Catham Acres employees were not being paid for some of their work day, she was fired. She brings this suit for retaliation under the Fair Labor Standards Act. Catham Acres moves to dismiss. For reasons set forth below, the Court denies the motion in its entirety.

## BACKGROUND

Shamera Short-Irons worked for Catham Acres Healthcare Group for just under three years. Catham Acres' policies and procedures stated that employees would receive an unpaid 30-minute meal break for each shift worked.[1] According to Ms. Short-Irons, she regularly worked through her meal break and was not compensated for those 30 minutes of each day. Ms. Short-Irons reported to Catham Acres staff and supervisors that she was working through her meal break without pay. Eventually, Ms. Short-Irons also confronted her direct supervisor, who allegedly

[1] The complaint does not specify how long a shift lasted or how many shifts—if more than one—are in a typical eight-hour work day. Presumably, a single shift is eight hours.

chastised Ms. Short-Irons and told her to go back to work. Shortly after this interaction, Catham Acres fired Ms. Short-Irons.

## LEGAL STANDARD

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). To survive a Rule 12(b)(6) motion, therefore, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the plaintiff "will ultimately prevail . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (citation and quotation omitted). Thus, assessing the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Pa. Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain accepted benchmarks. For one, the Court "must consider only those facts alleged in the complaint and accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citation omitted); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"). The Court must accept as true all reasonable inferences emanating from the allegations and view those facts and inferences in the

light most favorable to the nonmoving party. *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

That admonition does not demand that the Court ignore or discount reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000) (citations and quotation omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

## DISCUSSION

Catham Acres makes two arguments in favor of dismissal: (1) Ms. Short-Irons failed to exhaust administrative remedies, and (2) the complaint does not contain adequate details to state a claim. The Court denies the motion to dismiss, because the FLSA anti-retaliation provision does not include an exhaustion requirement and because the complaint adequately alleges a *prima facie* case for retaliation.

### I. Exhaustion

Both precedent and the FLSA's plain text show that the FLSA **does not** impose an administrative exhaustion requirement in retaliation actions. The FLSA anti-retaliation provision[2] reads:

[2] Although Ms. Short-Irons' complaint states only that she is suing under 29 U.S.C. § 201 *et seq.*, Ms. Short-Irons states in her opposition brief that her claims arise from 29 U.S.C. § 215(a)(3). *See* Opp. to Mot. to Dismiss at 4 ("Plaintiff's retaliation claim arises under 29 U.S.C. §

> [I]t shall be unlawful for any person . . . (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a).

The cause of action for enforcement of § 215(a)(3) is contained in another provision of the FLSA, specifically 29 U.S.C. § 216(b):

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. . . . **An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated.**

§ 216(b) (emphasis added).

Neither § 215(a)(3) nor § 216(b) imposes an exhaustion requirement (or even mentions administrative remedies). Instead, § 216(b) explicitly discusses enforcement using the federal courts. Recognizing as much, the Supreme Court has stated that "Section 16(b) of the Act, 29 U.S.C. § 216(b), which contains the principal enforcement provisions, permits an aggrieved employee to bring his statutory wage and hour claim 'in any Federal or State court of competent jurisdiction.' **No exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute.**" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (emphasis added).

---

215(a)(3)[.]"). Courts have recognized that the FLSA anti-retaliation provision is contained in § 215(a)(3). *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 7 (2011) (describing § 215(a)(3) as the "anti-retaliation provision"); *Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 839 (E.D. Pa. 2001) (same).

Thus, Catham Acres is incorrect in arguing that exhaustion is required. Catham Acres relies on the text of a **separate** provision of the FLSA, the whistleblower protection codified in 29 U.S.C. § 218c. Catham Acres also cites to an unpublished, non-precedential Third Circuit Court of Appeals decision holding that the whistleblower provision requires plaintiffs to exhaust administrative remedies. *See Wilson v. EI DuPont de Nemours & Co*, 710 F. App'x 57, 58 (3d Cir. 2018); *see also Richter v. Design at Work, LLC*, No. 14-650 2014 WL 3014972, at *4 (E.D.N.Y. July 3, 2014). Even crediting *Wilson* and interpreting § 218c to include an exhaustion requirement (an assumption that is not necessarily supported by a plain-text reading of § 218(c)),[3] *Wilson* is inapposite, and Catham Acres is otherwise wrong because Ms. Short-Irons is suing under a provision of the FLSA **other than** the whistleblower provision. Because Ms. Short-Irons is

[3] The language of § 218c regarding remedies appears to be permissive rather than mandatory:

> An employee who believes that he or she has been discharged or otherwise discriminated against by any employer in violation of this section **may** seek relief in accordance with the procedures, notifications, burdens of proof, remedies, and statutes of limitation set forth in section 2087(b) of Title 15.

218c(b)(1) (emphasis added).

The statute that § 218c incorporates by reference also uses permissive language, this time in setting forth administrative remedies:

> A person who believes that he or she has been discharged or otherwise discriminated against by any person in violation of subsection (a) **may**, not later than 180 days after the date on which such violation occurs, file (or have any person file on his or her behalf) a complaint with the Secretary of Labor alleging such discharge or discrimination and identifying the person responsible for such act.

15 U.S.C. § 2087(b)(1) (emphasis added). *See also Parker v. 4247 FX, Inc.*, No. 16-2710, 2017 WL 2002794, at *10 n.8 (E.D. Pa. May 12, 2017), *appeal dismissed*, No. 17-2601, 2017 WL 7000263 (3d Cir. Oct. 16, 2017) (commenting that "neither [§ 218c(b)(1) nor § 2087(b)(1)] requires an employee to file a complaint of discrimination with the Secretary of Labor prior to commencing suit in federal court. Instead, both statutory provisions provide that an employee 'may' do so").

suing under a provision of the FLSA that does not include an exhaustion requirement, the Court rejects Catham's exhaustion argument.

## II. Specificity of the Complaint

Catham Acres also argues that Ms. Short-Irons relies "on boilerplate averments" and fails to "provide detail in her Complaint." Mot. to Dismiss at 5. Catham Acres does not focus on—or even mention—the elements of the *prima facie* case of FLSA retaliation. Instead Catham Acres suggests the following facts are missing from the complaint: "the total number of hours worked without pay, the time period during which [Ms. Short-Irons] worked without pay and/or the monies purportedly due her for working through her meal periods." *Id.* But Catham Acres does not cite any caselaw suggesting that a plaintiff must allege the amount of damages with specificity in an FLSA retaliation action, and the Court's further research reveals none.

Ms. Short-Irons has alleged the requisite *prima facie* case for retaliation. "To state a prima facie case of retaliatory discrimination under the FLSA, a plaintiff must plead that (1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807, 814 (E.D. Pa. 2015) (citation and quotation omitted).

Ms. Short-Irons alleges that she engaged in a protected activity, *i.e.*, "complaining of [Catham Acres'] unlawful business practices regarding unpaid wages." Compl. ¶ 38; *see also id.* ¶¶ 27–28, 33–34. Courts in this district have held that informal complaints are protected activity under the statute. *See Jones*, 95 F. Supp. 3d at 814 ("[A]n informal complaint to an employer may qualify as protected activity under § 215(a)(3)."). Ms. Short-Irons alleges Catham Acres took adverse action, that is, by firing her. Compl. ¶ 39. And

Ms. Short-Irons alleges facts establishing causation: Ms. Short-Irons was allegedly fired within days of complaining about having to work through unpaid meal breaks. *Id.*; *see also id.* ¶¶ 31–32.

As to damages, Ms. Short-Irons seeks exactly the *type* of damages that the statute allows: unpaid wages. The *amount* of unpaid wages is a question of fact to be determined at a later date. Ms. Short-Irons also seeks compensatory damages for emotional distress. Courts have held that FLSA retaliation plaintiffs may pursue compensatory damages for emotional distress, at least through the motion to dismiss stage. *See Jones*, 95 F. Supp. 3d at 819. Ms. Short-Irons has adequately alleged that she suffered an injury, and the amount of damages, if necessary, is to be decided at a later date.

## CONCLUSION

Administrative exhaustion is not an element of Ms. Short-Irons' FLSA retaliation claim, and Ms. Short-Irons has alleged the elements of the *prima facie* case for retaliation. For those and the foregoing reasons, the motion to dismiss is denied. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE